NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NERRAH BROWN, | ) C 10-01222 JF (PR) |
| Petitioner, | ) |
| | ) ORDER OF DISMISSAL; DENYING |
| vs. | ) MOTION TO STAY STATE COURT |
| | ) PROCEEDINGS |
| SHERIFF GREGORY J. AHERN, | ) |
| Respondent. | ) |
| _____ | ) (Docket No. 9) |

Petitioner, a pretrial detainee at the North County Jail in Alameda, California, seeks petition in pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the preliminary hearing proceedings. Petitioner has paid the filing fee. The Court will dismiss the instant petition without prejudice because Petitioner's underlying state court proceedings are still pending.

**BACKGROUND**

According to the petition, Petitioner is a pretrial detainee at North County Jail of Alameda County, awaiting trial for several counts of second degree robbery. (Pet. at 2.) A preliminary hearing was held in July 2009, where Petitioner appeared in propria

persona. Petitioner filed state habeas petitions, the last of which was summarily denied by the California Supreme Court on March 10, 2010. Petitioner filed the instant petition on March 24, 2010.

## DISCUSSION

### A. Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### B. State Proceedings

If petitioner is not currently confined pursuant to a final decision, or "judgment," of the superior court, his petition must be construed as arising under 28 U.S.C. § 2241(c)(3), which provides habeas jurisdiction over any person held in custody in violation of the Constitution or laws or treaties of the United States, rather than § 2254, which applies to persons held pursuant to a state court judgment. Although § 2241(c)(3) does not require exhaustion of state judicial remedies, principles of federalism and comity require that this court abstain and not entertain a pre-sentence habeas challenge unless the petitioner shows that: (1) he has exhausted available state judicial remedies, and (2) "special circumstances" warrant federal intervention. See Younger v. Harris, 401 U.S. 37, 43-54 (1971); Carden, 626 F.2d at 83-84, 83 n.4; Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972) ("Our reading of Younger v. Harris convinces us that only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in state courts. Apparent finality of one issue is not

enough.") (citation omitted).

Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction, and perhaps in other extraordinary circumstances where irreparable injury can be shown, is preconviction federal intervention against pending state prosecutions appropriate.[1] Carden, 626 F.2d at 84 (citing Perez v. Ledesma, 401 U.S. 82, 85 (1971)).  The Court is not convinced that Petitioner's warrants such federal intervention.

Accordingly, because the Court must abstain from ruling on the petition until the petitioner's state proceedings are completed, the instant petition will be DISMISSED without prejudice.  See Carden, 626 F.2d at 84.  Petitioner's motion for a stay of state court proceedings pending ruling on the instant petition for habeas corpus is DENIED. (Docket No. 9.)

This order terminates Docket No. 9.

DATED: 8/12/10

JEREMY FOGEL
United States District Judge

---

[1] Unlike the Double Jeopardy Clause, the Speedy Trial Clause, when raised as an affirmative defense, does not embody a right which is necessarily forfeited by delaying review until after trial.  Carden, 626 F.2d at 84.

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

NERRAH BROWN,

        Petitioner,

  v.

GREGORY J AHERN,

        Respondent.

Case Number: CV10-01222 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  8/17/10 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Nerrah Brown ART278
North County Jail-Alameda Cty
550 Sixth St
Oakland, CA 94607

Dated:  8/17/10

                                              Richard W. Wieking, Clerk